CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for KHe

MAR 07 2006

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CARLTON L. CHANEY, | ) |
| Petitioner, | ) Civil Action No. 7:06CV00120 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY O'BRIEN, | ) By: Hon. Jackson L. Kiser |
| Respondent. | ) Senior United States District Judge |

The petitioner, Carlton L. Chaney, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Chaney has failed to demonstrate entitlement to relief under § 2241. Accordingly, Chaney's petition must be dismissed.

Chaney is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1998, the United States District Court for the Southern District of Indiana sentenced Chaney to a total term of imprisonment of 430 months for armed bank robbery, carjacking, two counts of using a firearm while committing a crime of violence, and possessing a firearm after having been convicted of a felony. Chaney appealed his convictions to the United States Court of Appeals for the Seventh Circuit. On October 23, 1998, Chaney's convictions were affirmed. Chaney subsequently filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The district court initially denied the motion, but the Seventh Circuit vacated the decision. On remand, Chaney's motion was again denied. The district court's decision was affirmed by the Seventh Circuit on June 14, 2004.

In his present petition, Chaney asserts that his convictions are invalid because the trial court "permitted tainted eyewitness identification evidence during trial proceedings." However, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition,

unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Chaney's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Chaney has not pointed to any change in the substantive law associated with his convictions, or otherwise shown that the acts for which he is currently incarcerated no longer constitute criminal offenses. Accordingly, Chaney's § 2241 petition must be dismissed.[*]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 7th day of March, 2006.

Senior United States District Judge

---

[*] The petitioner is advised that if he wishes to file a second or successive § 2255 motion in the Southern District of Indiana, he must first receive pre-filing authorization from the Seventh Circuit. See 28 U.S.C. § 2255, ¶8.

2